STOKER, Judge.
The plaintiff in this worker’s compensation case appeals the judgment of the trial court dismissing his demands against the defendant, Aetna Casualty & Surety Company. Plaintiff filed suit against defendant seeking worker’s compensation benefits for his alleged permanent and total disability, penalties and attorney’s fees. Plaintiff assigns as error the trial court’s finding that there was no causal connection between the amputation of his finger and the injury he received in the course and scope of his employment. We affirm the judgment of the trial court.
After a careful review of the record in this case, we conclude, as did the trial court, that the plaintiff failed to sustain his burden of proving that the infection and subsequent amputation of his middle finger on his right hand was causally related to his work-related accident which occurred on December 6, 1984. Plaintiff was treated for his work-related injury and released to return to work on February 22, 1985. His treating physician, Dr. Charles Fonte-not, testified that the fracture and laceration of plaintiff’s finger had completely healed at that point in time. Dr. Fontenot did not see plaintiff again until October 21, 1985, at which time he referred him to Charity Hospital in Lafayette for treatment. Plaintiff never returned to work after his release in February despite a job offer made by his employer, Goldrus Drilling Company, shortly thereafter.
We hold that the trial court was correct in its factual findings based on the testimony presented and reached the correct legal result after evaluation of the factual findings. We cannot say that the trial court was clearly wrong in its findings. The plaintiff failed to prove that any disability which he suffers from as a result of his October 1985 amputation was related to the original injury which he sustained in December of 1984.
Accordingly, the judgment of the trial court is affirmed. The trial court’s excellent reasons for judgjnent are attached as an appendix to this opinion. The costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
APPENDIX
CIVIL DOCKET NO. 43,676-A
13TH JUDICIAL DISTRICT COURT
EVANGELINE PARISH, LOUISIANA
REASONS FOR JUDGMENT
Plaintiff instituted this action to recover worker’s compensation benefits, penalties and attorney’s fees, costs, etc., alleging that as a result of an accident which occurred on or about December 6,1984, while employed by Goldrus Drilling Company, he is totally and permanently disabled.
The plaintiff submitted his claim to the Department of Labor, Office of Worker’s Compensation, and its recommendations were rejected by the plaintiff, all as will be more fully shown by reference to the Certificate of the Office of Worker’s Compensation which is annexed to the original petition. Hence this suit.
At the commencement of the trial the parties entered into several stipulations. They are: (1) That defendant is the work *1121 er’s compensation liability insurer of Gol-drus Drilling Company, plaintiffs employer; (2) An accident occurred on or about December 6, 1984, while plaintiff was employed by Goldrus; (3) Rate of weekly compensation of $248.00.
Plaintiff testified that he is 21 years old and quit school at fifteen years of age in the eighth grade. His whole previous work history has been that of a laborer engaged in heavy manual labor.
While working on an oil rig in Pointe Coupee Parish, he suffered an injury to his right index finger. He received what might be loosely called first aid, and then taken to a hospital in Baton Rouge where he was examined and treated by a physician, one Dr. Steve Wilson.
Thereafter, on December 10, 1984, he consulted Dr. Charles E. Fontenot, a physician of Ville Platte, Louisiana, who examined plaintiff’s finger and prescribed medication. He saw Dr. Fontenot several times and was released by him on February 22, 1985 as able to return to work. Dr. Fonte-not had removed the stitch at the very distal end of the finger. He did not see the plaintiff again until October 21, 1985, when plaintiff visited his office and Dr. Fontenot observed an ulcer on top of the finger which was very inflamed and gangerous. Dr. Fontenot referred him immediately to go to Lafayette Charity Hospital where he was seen by physicians and an amputation of the distal right middle finger, distal to the proximal interphalangeal joint, was made.
There is one paramount issue presented to the court for resolution: Was the ulcer and gangrene and subsequent amputation of plaintiff’s finger causally related to the accident suffered by plaintiff on December 6, 1984? If it is, the court will then proceed to consider and resolve the other issues raised. If it is not, there is no need to do so.
There were two witnesses who testified in behalf of the plaintiff: The plaintiff himself, and his attending physician, Dr. Charles E. Fontenot.
The plaintiff was released by Dr. Fonte-not on 2-22-85 to return to work. He testified that the injury was healed and that the finger was normal, and that the later problems with the finger resulted from causes unrelated to the injury plaintiff had suffered on December 6, 1984.
There was no other medical evidence introduced except the medical reports from University Medical Center (Lafayette Charity Hospital).
The court has carefully reviewed all the evidence presented and introduced at the trial, and has arrived at the conclusion that whatever caused the ulcer and subsequent amputation was not causally related to the accident, and therefore, plaintiff has failed to prove his case in accordance and his demands must be rejected and his suit dismissed at his cost.
Let judgment be rendered accordingly.
JUDGMENT
This cause having been duly heard and submitted to the court for adjudication, and the court considering the law and the evidence to be in favor of the defendant for the reasons contained in the written opinion of this court dated the 27th day of December, 1985,
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the defendant, AETNA CASUALTY & SURETY COMPANY, and against the plaintiff, DONALD R. THOMAS, dismissing this action at plaintiff’s cost.
JUDGMENT READ, RENDERED and SIGNED in Open Court this 27th day of December, 1985, at Ville Platte, Louisiana.
/s/Joseph E. Coreil JOSEPH E. COREIL — DISTRICT JUDGE